IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN LAMAR PONDER,

    Plaintiff,

    v.

DONALD SONY PROPHETE,

    Defendant.

Case No. 16-2376-CM-GLR

## MEMORANDUM AND ORDER

The matter before the Court is on Plaintiff's Motion to Strike Affirmative Defenses Pursuant to Rule 12(f) (ECF 36). Plaintiff originally filed this action in the Southern District of New York, but the action was transferred to this Court. Plaintiff alleges battery, false imprisonment, and assault, arising from events at a vacation villa in Sosúa, Dominican Republic.[1] He argues that Defendant's Seventh, Eighth, and Tenth affirmative defenses should be stricken, pursuant to Federal Rule of Civil Procedure 12(f).

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may order stricken from any pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."[2] Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.[3] Generally, motions to strike are disfavored.[4] A

---

[1] Because the factual background of the case is not relevant to the disposition of this motion, the Court omits the facts (such as they are, as the parties have not yet commenced discovery).

[2] Fed. R.Civ. P. 12(f).

[3] *Resolution Trust Corp. v. Tri–State Realty Investors of K.C., Inc.*, 838 F. Supp. 1448, 1450 (D. Kan. 1993).

[4] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011) (citing *Smith v. Boeing Co.*, No. 05–1073–WEB, 2009 WL 2486338, at *3 (D. Kan. Aug. 13, 2009); *Fed. Deposit Ins. Co. v. Niver*, 685 F.Supp. 766, 768 (D. Kan. 1987)).

defense is insufficient, if it cannot succeed, as a matter of law, under any circumstances.[5] Motions to strike will not be granted unless the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits.[6]

Although Plaintiff has not argued *Twombly*'s heightened pleading standard applies to affirmative defenses, the Court nevertheless adopts the ruling in *Falley*.[7]  Several of the reasons outlined in *Falley* apply to the instant motion.

First, plaintiffs can take years to craft a complaint as their only restraint are any applicable statute(s) of limitation.  But once that complaint is filed, defendants have only twenty-one days in which to craft a response.  Moreover, if defendants do not include an affirmative defense in that response, defendants may waive such affirmative defense.

Second, the bar for succeeding on a motion to strike is high because courts consider striking an affirmative defense to be a "drastic remedy."[8]  Indeed, "the court should only utilize the legal tool where the challenged allegations cannot succeed under any circumstances."  The Court cannot make such a judgment with only a short and plain statement of defenses in response to an equally, if not more so, short and plain statement of the claim.[9]  This is especially true where discovery has not yet commenced.

Third, the Court will not encourage parties to bog down litigation by filing and fighting motions to strike answers or defenses prematurely, as the intent of Rule 12(f) is to "minimize

---

[5] *Falley*, 787 F. Supp. 2d at 1257 (citing *Wilhelm v. TLC Lawn Care, Inc.*, No. 07–2465–KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008); *Resolution Trust Corp.*, 838 F. Supp. at 1450.).

[6] *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).

[7] *See also Bowers v. Mortg. Elec. Registration Sys.*, No. CIV.A. 10-4141-JTM, 2011 WL 2149423, at *4 (D. Kan. June 1, 2011) ("After reviewing the cases at issue, the Court now adopts its most recent ruling in *Falley* and limits the heightened pleading requirements to complaints.").

[8] *Falley*, 787 F. Supp. 2d at 1257 (citing *Wilhelm*, 2008 WL 474265, at *2).

[9] *Id.*

delay, prejudice, and confusion."[10] The remedy for striking defenses at this stage of the litigation is often to allow amendment.[11] Moreover, the Court may strike an insufficient defense on its "own initiative at any time,"[12] which means that should discovery prove an affirmative defense cannot succeed, as a matter of law, under any circumstances, the Court can strike it at a later time.

With these considerations in mind, the Court turns to Defendant's Seventh, Eighth, and Tenth affirmative defenses at issue here. They are, respectively: a lack of notice to Defendant of alleged liability, damage, or injury, if any; res judicata and/or collateral estoppel; and right to assert affirmative defenses not yet apparent.

As an initial matter, Plaintiff must allege prejudice when moving to strike an affirmative defense.[13] Plaintiff states he is prejudiced by the inclusion of each affirmative defense because he "will be forced to expend resources to address it, including both time and valuable discovery tools."[14] The Court questions the sufficiency of this suggestion of prejudice, without more, because Plaintiff has already expended resources and time addressing these defenses in the instant motion before discovery has commenced—discovery which is virtually inevitable and that may strengthen or weaken his argument to strike. Nevertheless, the Court will not deny this motion for failure to allege prejudice.[15]

---

[10] *Id.*

[11] *Id.* (citing *Hayne*, 263 F.R.D. at 652 ("The majority of cases applying the *Twombly* pleading standard to affirmative defenses and striking those defenses have permitted the defendant leave to amend.").

[12] *See* 5C C. Wright & A. Miller, Federal Practice & Procedure § 1380 (3d ed.)

[13] *Wilhelm*, 2008 WL 474265, at *2.

[14] *See* ECF 40 at 2–3.

[15] *Cf. Wilhelm*, 2008 WL 474265, at *2 ("Initially, the Court notes that plaintiffs have not argued that they may be prejudiced by the mere assertion of any affirmative defense which defendant asserts. For this reason alone, plaintiffs' motion to strike is without merit.")..

Defendant's Seventh Affirmative Defense—a lack of notice—appears questionable at first blush. As Plaintiff points out, it is unclear how a plaintiff could ever give notice of liability, damage, or injury when the allegations are that defendant committed battery, assault, and/or false imprisonment. Defendant argues that its defense relates to notice Defendant gave Plaintiff and/or Plaintiff's client about his intent to inhabit the villa in which the alleged battery, assault, and false imprisonment took place while Plaintiff never gave Defendant notice of his planned inhabitance of the villa at that time. Had Plaintiff done so, Defendant argues, the events could have been avoided. Though unclear how exactly this affirmative defense applies on these facts, the Court will not strike the defense at this time.

Defendant's Eighth Affirmative Defense is that of res judicata or collateral estoppel. Plaintiff argues his claims—battery, assault, and false imprisonment—against Defendant have not been adjudicated in any other court proceeding. Defendant argues that, because there is a legal dispute regarding the ownership of the vacation villa, a final judgment on those issues may bar some of Plaintiff's claims in the instant case. While it may be true that the existence of litigation concerning the villa's ownership does not *directly* implicate res judicata and/or collateral estoppel,[16] the status of the villa's ownership may *indirectly* implicate Defendant's defenses to Plaintiff's claims of battery, assault, and false imprisonment. For instance, Defendant may have been using reasonable force in defense of property that he owned or had legal authority to inhabit, which Plaintiff had invaded. Erring on the side of caution, the Court therefore will not strike Defendant's Eighth Affirmative Defense at this time.

Defendant's Tenth Affirmative defense is a reservation of the right to assert additional affirmative defenses in the event that subsequent investigation or discovery reveals the

---

[16] For instance, the underlying litigation regarding the villa does not contain allegations of battery, assault, or false imprisonment. And Plaintiff himself is not a party in that litigation; rather, Plaintiff is the *attorney* of one of the parties.

availability of such a defense. *Falley* allowed this type of affirmative defense. As such, this Court declines to strike it.

In sum, the Court finds Defendant's defenses should not be stricken at this time. Should discovery indicate the inapplicability of one or more of them, the Court may strike such defense(s) on its own accord. Striking them at this time on pre-discovery facts is premature and unwise, especially given no adequate showing of prejudice at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Strike Affirmative Defenses Pursuant to Rule 12(f) (ECF 36) is denied without prejudice. Plaintiff may renew his motion after discovery has substantially commenced.

Dated November 3, 2016, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
