**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**BRIAN LAMAR PONDER,**

    **Plaintiff,**

    **v.**

**DONALD SONY PROPHETE,**

    **Defendant.**

Case No. 16-2376-CM

## MEMORANDUM AND ORDER

This matter arises from an incident that occurred between plaintiff Brian Lamar Ponder and defendant Donald Sony Prophete in the Dominican Republic. Plaintiff claims that on February 5, 2016, defendant battered, assaulted, and falsely imprisoned him at a villa allegedly owned in-part by defendant. Defendant denies all of plaintiff's allegations. The matter is now before the court on defendant's Motion for Summary Judgment (Doc. 61). Defendant argues that plaintiff has provided no evidence to support his allegations of battery, assault and false imprisonment and that defendant is therefore entitled to judgment as a matter of law. For the reasons set forth below, the court denies the motion.

**I.**     **Background**

Defendant and three other individuals formed a limited liability company, Nero Quantum, LLC, in 2015. Nero Quantum purchased and owned an investment rental villa in Sousa, Dominican Republic. At some point, and for reasons unrelated to the present case, defendant and two other members decided to remove Titus Duncan from his membership in Nero Quantum. Duncan retained plaintiff to represent him in litigation involving Nero Quantum.

Prior to retaining plaintiff, Duncan was represented by Peter Hasbrouck. On January 5, 2016, defendant notified Hasbrouck and Duncan that he intended to use the villa from February 4-8, 2016. On

January 12, 2016, plaintiff sent a letter to defendant notifying him that he had been retained by Duncan. Plaintiff and defendant then began exchanging emails regarding the villa. Plaintiff informed defendant that Duncan was the sole owner of the villa, and that defendant and other members of Nero Quantum were not permitted to use it. On February 3, 2016, plaintiff notified defendant that the villa had been rented out during the time defendant intended to use the property. He informed defendant that the villa was occupied and proper measures would be taken to keep it secure from unauthorized entry by defendant and his clients or guests.

On February 5, 2016, defendant arrived at the villa with two business acquaintances and a Puerto Plata police officer. Upon arrival, defendant discovered that plaintiff, a female acquaintance, and a personal chef were occupying the villa. At this point, the parties' stories diverge. Defendant alleges that soon after his arrival, three to five men arrived at the villa claiming they had flown in from Atlanta at plaintiff's invitation to watch the Super Bowl. Defendant then insisted that plaintiff and his guests immediately leave the villa. Plaintiff, claiming he was going to collect his belongings, locked himself in a bedroom for several hours and only left after his guests, the local police, and local Dominican attorneys convinced him to do so. Defendant maintains that he never touched or threatened plaintiff or any of plaintiff's guests.

Plaintiff, however, claims that he was staying at the villa at the invitation of Duncan. At some point defendant arrived at the villa and began yelling at plaintiff and demanding to know his name. He then "charged at" plaintiff. Plaintiff retreated to the bedroom and defendant followed him and "aggressively pushed" him. After a man pulled defendant away, plaintiff was able to close and lock the bedroom door. Defendant continued to yell at plaintiff through the locked bedroom door, threatening to kill him and beat him up. After being locked in the bedroom for approximately one hour, plaintiff—with the assistance of a friend—exited the bedroom through a sliding glass door. Plaintiff's friend

escorted him toward the pool so that he could retrieve his belongings. At that point, defendant again "charged" toward plaintiff, picked up a bar stool, and attempted to throw it at plaintiff. Defendant's attempt was thwarted by another man at the scene who grabbed the chair before defendant could throw it. Plaintiff and his friends then left the premises by taxi. At some point before returning to the United States, plaintiff filed a police report against defendant.

Plaintiff filed a complaint against defendant for battery, assault, and false imprisonment on February 10, 2016 in the Southern District of New York. On June 6, 2016, the matter was transferred to the District of Kansas because the incident occurred outside of the United States and defendant was a resident of Kansas.

## II.     Legal Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" factual dispute requires more than a mere scintilla of evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party demonstrates an absence of evidence in support of an element of the case, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The nonmoving party "may not rest upon the mere allegations or denials of his pleading." *Id.*

In making the summary judgment determination, the court must view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Ultimately, the court evaluates "whether the evidence presents a sufficient

disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 252.

**III. Analysis**

Defendant argues he is entitled to summary judgment because plaintiff's claims lack proof and that he has no evidence to support essential elements of his claims. Plaintiff maintains there are disputed issues of material fact that preclude summary judgment.

As mentioned above, plaintiff has pleaded battery, false imprisonment, and assault against defendant. This matter is before this court on diversity jurisdiction. Plaintiff is a citizen of New Jersey and defendant is a citizen of Kansas. The alleged torts were committed in the Dominican Republic. In the Pretrial Order, defendant argues that Kansas law applies pursuant to 28 U.S.C. § 1652. Plaintiff, however, claims New Jersey law applies because he was a citizen of New Jersey at the time he filed the complaint. Defendant cites Kansas law in his motion for summary judgment. In his response, plaintiff did not object to the application of Kansas law and did not provide any argument or authority for why New Jersey law would apply.

"Federal courts sitting in diversity must apply the choice of law provisions of the forum state to ascertain which state or foreign law should apply to an action." *Phil. Am. Life Ins. v. Raytheon Aircraft Co.*, 252 F. Supp. 2d 1138, 1142 (D. Kan. 2003). In Kansas, courts generally apply the law of the state where the tort occurred. *Id.* (citing *Ling v. Jan Liquors*, 703 P.2d 731, 735 (Kan. 1985)). There are circumstances, however, when a Kansas court may apply Kansas law even if a tort occurred in another jurisdiction. *Id.* Under Kansas choice of law rules, "the general rule is that the law of the forum applies unless it is expressly shown that a different law governs, and in case of doubt, the law of the forum is preferred." *Id.* (citing *Sys. Design & Mgmt. Info. Inc. v. Kan. City Post Office Emps. Cred. Union*, 788 P.2d 878, 881 (Kan. Ct. App. 1990)). This rule is applicable so long as Kansas has "significant contact

or significant aggregation of contacts . . . to ensure that the choice of Kansas law is not arbitrary or unfair." *Sys. Design & Mgmt. Info. Inc*., 788 P.2d at 881.

"The court is not obliged to investigate whether a conflict of law issue exists, when the parties present no conflict between the laws of potentially interested states." *Cotracom Commodity Trading Co. v. Seaboard Corp*., 189 F.R.D. 655, 666 (D. Kan. 1999). The court, however, questions whether both parties' assertions of governing law are legally correct. The general rule in Kansas is that the law of the forum applies, unless it is expressly shown that a different law governs. Kansas choice of law rules dictate that this court apply the law of the state where the tort occurred—here, the Dominican Republic. But neither party has advocated that Dominican Republic laws should apply.

When considering the general conflict of law rule—to apply the law of the place of injury—the United States Supreme Court has stated that "[f]or a plaintiff injured in a foreign country, then, the presumptive choice in American courts under the traditional rule would have been to apply foreign law to determine the tortfeasor's liability." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 706 (2004); *see also*, *RJR Nabisco, Inc. v. European Cmty*., 136 S. Ct. 2090, 2109 (2016) (stating, "the rule respondents invoke actually provides that a court will ordinarily 'apply *foreign* law to determine the tortfeasor's liability' to 'a plaintiff injured in a foreign country'").

The court is persuaded that the laws of the Dominican Republic may apply to this case. However, regardless of the choice of law issues, the court finds that summary judgment is not appropriate as the matter presently stands. Defendant's primary argument is that he is entitled to summary judgment because plaintiff has not presented sufficient evidence to establish the essential elements of battery, assault, and false imprisonment under Kansas law. According to defendant, plaintiff did not participate in discovery. The evidence provided by defendant in support of summary judgment consists of affidavits, some correspondence between plaintiff and defendant prior to the incident, and a short video

recording of some individuals allegedly at the time of the incident. Plaintiff submitted three affidavits in opposition to defendant's motion for summary judgment. Based on its review of the motion and evidence in support, the court finds there are issues of material fact that would preclude summary judgment. Defendant's affidavits show that he did not threaten or engage in any physical contact during the incident. Plaintiff's affidavits state enough facts to show that defendant committed assault, battery, and false imprisonment during the incident. Defendant's additional evidence does not definitively disprove plaintiff's account of the events. The short video clip provided shows various individuals—most unidentified—in what the court assumes is the villa at issue. This video clip certainly does not exonerate defendant, as it captures only a few seconds of the incident.

Because material issues of fact remain disputed, and because the court is not persuaded that either Kansas or New Jersey law apply, defendant's motion for summary judgment is denied. The parties are ordered to submit briefing on the choice of law issue, detailing 1) relevant law from the Dominican Republic and 2) arguments as to why or why not Dominican Republic law should apply to this case. Briefs should be submitted no more than 14 days from the entry of the present order.

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc. 61) is denied.

**IT IS FURTHER ORDERED** that the parties submit briefing on the choice of law issue, detailing 1) relevant law from the Dominican Republic and 2) arguments as to why or why not Dominican Republic law should apply to this case. Briefs should be submitted no more than 14 days from the entry of the present order.

Dated January 29, 2019, at Kansas City, Kansas.

s/ Carlos Murguia

CARLOS MURGUIA
United States District Judge