# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN LAMAR PONDER,

  Plaintiff,

v.

  Case No. 16-2376-CM

DONALD SONY PROPHETE,

  Defendant.

## MEMORANDUM AND ORDER

Plaintiff Brian Lamar Ponder alleges that on February 5, 2016, defendant Donald Sony Prophete battered, assaulted, and falsely imprisoned him at a villa in the Dominican Republic. Defendant denies all of plaintiff's allegations. This matter is now before the court on defendant's Motion to Dismiss for Forum Non Conveniens. (Doc. 82.) Defendant argues that the Dominican Republic is an adequate alternative forum, that Dominican Republic law applies, and that the private and public interest factors weigh in favor of dismissal. For the reasons set forth below, the court grants the motion.

### I. Background

Highly summarized, the facts relevant to the present motion are as follows. Plaintiff, an attorney, represented Titus Duncan. Duncan, along with defendant and two other individuals, were partners in an LLC that owned an investment rental villa in Sousa, Dominican Republic. At some point before the alleged misconduct in this case occurred, Duncan was removed from his membership in the LLC. Duncan allegedly gave plaintiff and his guests permission to use the villa over the February 4-8, 2016 weekend. Defendant also planned to use the rental that weekend. Plaintiff was the first to arrive at the villa. He alleges that when defendant arrived at the villa, he demanded to know his name, began yelling at him, charged at him several times, and "aggressively pushed" him. Plaintiff then retreated to the

-1-

bedroom, where defendant followed him and again "aggressively pushed" him. After one of the other men was able to pull defendant away, plaintiff locked himself in the bedroom. Defendant remained outside the door yelling verbal threats, and plaintiff alleges that he was locked in the bedroom for more than an hour before a friend was able to help him out of the bedroom through a sliding glass door. As plaintiff was being escorted towards the pool to retrieve his belongings, defendant "charged" toward plaintiff, attempting to throw a barstool at him. This attempt was thwarted by another man who grabbed the stool before defendant was able to throw it. Plaintiff filed a report with local police before returning to the United States.

Defendant alleges that he arrived at the villa with two business acquaintances and a police officer. After defendant arrived at the villa, three to five men also arrived claiming they had flown in on plaintiff's invitation. Defendant then confronted them and insisted that both plaintiff and his guests leave immediately. Plaintiff then disappeared claiming he was going to collect his things and locked himself in one of the bedrooms for several hours, leaving only after persuaded by friends, local police, and a local attorney. Defendant alleges that he neither touched nor threatened plaintiff or any of his guests.

Plaintiff filed a complaint against defendant for battery, assault, and false imprisonment on February 10, 2016 in the Southern District of New York. Shortly after, the case was transferred to the District of Kansas. Defendant filed a motion for summary judgment, which was denied. The court then asked the parties to file briefing on the choice of law issue, specifically as to whether Dominican Republic substantive law applies or if another forum's law applies. Defendant filed the present motion as well as a Motion for Application of Dominican Republic Law and Integrated Brief in Support (Doc. 81). Plaintiff did not respond to defendant's motion and failed to respond to the court's show cause order (Doc. 85).

**II.    Discussion**

Defendant argues that the present case should be dismissed under the doctrine of *forum non conveniens*. "The doctrine of *forum non conveniens* allows a court to dismiss a case properly before it when litigation would be more convenient in a foreign forum." *Cooper v. Tokyo Elec. Power Co., Inc.*, 860 F.3d 1193, 1210 (9th Cir. 2017). There are two initial threshold questions in a *forum non conveniens* determination: (1) whether there is an adequate alternative forum where the defendant is amenable to service of process, and (2) whether foreign law applies rather than domestic law. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-61 (1981); *Rivendell Forest Products, Ltd. v. Canadian Pac. Ltd.*, 2 F.3d 990, 994 (10th Cir. 1993). If the threshold requirements are met, the court then weighs the private and public interest factors. *Reyno*, 454 U.S. at 255-61.

**A. Adequate Alternative Forum**

Courts in this jurisdiction divide the adequate alternative forum requirement into two component parts: that the alternative forum be available and that the alternative forum be adequate. *Alpine Atlantic Asset Mgmt. AG v. Comstock,* 552 F. Supp. 2d 1268, 1276 (D. Kan. 2008). An alternative forum may be available when the defendant is amenable to service of process in the alternative forum. *Id.* The Tenth Circuit has found that a defendant is amenable to service of process when they submit to suit in the alternate forum. *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1174 (10th Cir. 2009). Here, defendant consented to suit in the Dominican Republic. *See* Def.'s Stipulation ¶¶ 1-2 (Doc. 83-2, at 1.) The court takes this representation to mean that defendant voluntarily submits to suit in the alternative forum and to accept service of process for an action instituted there. Consequently, the court finds that the Dominican Republic is an available alternative forum to plaintiff.

The alternative forum must also be adequate. An alternative forum will generally be adequate unless the remedy afforded by the alternative forum is clearly unsatisfactory. *Fireman's Fund Ins. Co. v. Thyssen Mining Const. of Canada*, 703 F.3d 488, 495 (10th Cir. 2012). Furthermore, the Supreme

Court has held that a remedy is not clearly unsatisfactory if the alternative forum permits litigation of the subject matter of the dispute or has a generally codified legal remedy for the claims alleged. *Reyno*, 454 U.S. at n. 22. The remedy provided need not be the same as that provided by American courts. *Yavuz*, 576 F.3d at 1174. Here, plaintiff brings intentional tort claims of assault, false imprisonment, and battery. While the Dominican Republic does not recognize the specific tort claims laid out in plaintiff's complaint, it has codified a general claim for liability for intentional wrongdoing under Article 1382 of the Dominican Civil Code. *See* D.R. Civ. Code Art. 1382. Under this Article, "any act of a person that causes injury to another obligates the person by whose fault it occurred to compensate it." *See id*. The court therefore finds that plaintiff would be able to litigate his claims under a theory of general liability arising under the Dominican Republic Civil Code, Article 1382, and thus the alternative forum is both available and adequate.

### B. Foreign Law

To meet the second threshold requirement, foreign substantive law must control rather than American law. *Rivendell*, 2 F.3d at 994. In its order denying summary judgment, the court raised the choice of law issue, suggesting that Dominican law would apply under Kansas choice of law principles. The court ordered the parties to submit briefing on whether Dominican law should apply. Plaintiff did not submit briefing and did not respond to defendant's motion, and thus has not objected to the court's finding that Dominican law should apply in this case. Because Kansas law dictates that the court apply the law of the place where the tort occurred – here, the Dominican Republic, the second threshold requirement has been satisfied.

### C. Deference to Plaintiff's Choice of Forum

Before the court weighs the private and public interest factors, it must first determine the level of deference plaintiff's choice of forum is given in this case. A plaintiff's choice of forum is normally

given great deference when the forum is the plaintiff's home state. *Yavuz*, 576 F.3d at 1180. However, when the chosen forum is not the plaintiff's home state, the presumption in plaintiff's favor applies with less force. *Reyno*, 454 U.S. at 255-56. Furthermore, a finding that one set of factors weighs "slightly" in favor of dismissal combined with the other set weighing significantly in favor of dismissal may be sufficient for the court to dismiss. *See Lukoil*, 812 F.3d at 806. Although the defendant's burden is somewhat relaxed in the case of foreign plaintiffs, when the defendant is a resident of the chosen forum, they must make a stronger case than others for dismissal. *Gschwind*, 161 F.3d at 609.

Here, plaintiff's claim was transferred from the Southern District of New York to the District of Kansas. Defendant also alleges in his answer that he is a Kansas resident. Thus, plaintiff would be considered a "foreign" plaintiff since he is not a resident of the chosen forum, and defendant, as stated above, would be a Kansas resident. Consequently, the presumption in favor of plaintiff's choice of forum receives less deference and "applies with less force," but defendant must still make a stronger case than others for dismissal.

### D. Private Interest Factors

The court next determines whether the private and public interest factors weigh in favor of dismissal in this case. The private interest factors include:

(1) the relative ease of access to sources of proof, (2) the availability of compulsory process for compelling attendance of witnesses, (3) the cost of attendance of willing non-party witnesses, (4) the possibility of a view of the premises, if appropriate, and (5) all other practical problems that make trial of the case easy, expeditious, and inexpensive.

*Archangel Diamond Corp. Liquidating Tr. v. OAO Lukoil*, 812 F.3d 799, 806 (10th Cir. 2016). The first factor, the relative ease of access to the burdens of proof, weighs slightly in favor of dismissal. The torts alleged by plaintiff were committed in the Dominican Republic, where witnesses and other evidence is likely located. If plaintiff or defendant were to call witnesses from the Dominican Republic, flying these witnesses in to testify or obtaining documents would place additional burdens on the parties

as well as the court. Further, documents obtained from the Dominican Republic would need to be translated from Spanish to English. On the other hand, plaintiff does have several witnesses who have submitted affidavits and are citizens of the United States who are available to testify and would not need to be flown in. Furthermore, testimony from witnesses located outside the United States could be attained through deposition. While this may reduce the burden on plaintiff to secure the sources of proof, there may still be a burden on defendant as they would be unable to cross-examine any witnesses or observe their behavior on the stand. Thus, on balance, the first factor weighs slightly, if not moderately, in favor of dismissal.

The second factor, the availability of compulsory process for compelling attendance of witnesses, however, weighs in favor of retaining the case. Although the United States may compel citizens that are abroad to attend via a subpoena, witnesses who are not United States citizens would fall outside of the court's power to compel attendance. However, all the witnesses currently laid out in plaintiff's complaint and affidavits are United States citizens and could easily be compelled to attend if the trial were held in this district. Thus, as it currently stands with no Dominican Republic witnesses anticipated at trial, this factor would weigh in favor of retaining the case.

The third factor, the cost of attendance of willing non-party witnesses, weighs in favor of dismissal. Even if witnesses were willing to attend voluntarily, the costs of bringing witnesses to this forum, even those named by plaintiff in his complaint and affidavits, would be costly. In all the affidavits offered by plaintiff, none of the witnesses that gave testimony were from Kansas. Thus, the only person who is a Kansas resident, including named witnesses, is defendant, and this factor would weigh slightly, if not moderately, in favor of dismissal.

The fourth factor, the possibility of a view of the premises, weighs in favor of dismissal. Since the conduct took place at a villa in the Dominican Republic, a view of the premises would be impossible

except through testimony and photographs or other imaging. Thus, this factor weighs strongly in favor of dismissal.

### E. Public Interest Factors

The public interest factors include:

> (1) administrative difficulties of the courts with congested dockets which can be caused by cases not being filed at their place of origin, (2) the burden of jury duty on members of a community with no connection to the litigation, (3) the local interest in having localized controversies decided at home, and (4) the appropriateness of having diversity cases tried in a forum that is familiar with the law.

*Archangel*, 812 F.3d at 808. The first factor, administrative difficulties of the courts with congested dockets which can be caused by cases not being filed at their place of origin, weighs in favor of dismissal. This case likely requires the interpretation and application of Dominican Republic law, an area that would require thorough and expansive research by the court to resolve the dispute. The Dominican Republic uses a civil law system, in contrast to the common law system used in this jurisdiction, and is primarily written in Spanish. Researching and applying this law would require translation and interpretation of the relevant legal codes, as well as expert witnesses to testify to the meaning and application of the law to this case. Thus, there would likely be a substantial administrative burden to the court and its staff, which in turn weighs heavily in favor of dismissal.

The second factor, the burden of jury duty on members of a community with no connection to the litigation, weighs in favor of dismissal. Plaintiff is a resident of New York and defendant is a resident of Kansas. Thus, out of all the parties and witnesses, only defendant is a Kansas resident. Furthermore, the incident occurred in the Dominican Republic, and members of the Kansas community would likely have little to no interest in connection to the litigation. Consequently, this factor weighs strongly in favor of dismissal.

The third factor, the local interest in having localized controversies decided at home, weighs in

favor of dismissal. The alleged dispute happened in the Dominican Republic on Dominican property. Other than the fact that defendant is from Kansas, the facts of this case have nothing to do with this forum. Kansas then, on balance, would likely have little to no interest in resolving this dispute, and this factor weighs strongly in favor of dismissal.

The fourth factor, the appropriateness of having diversity cases tried in a forum that is familiar with the law, weighs strongly in favor of dismissal. Given that the applicable substantive law in this case is that of the Dominican Republic, a Dominican court would almost certainly be much more familiar with Dominican law than this court.

The court is satisfied that the threshold requirements have been met and both the private and public interest factors favor dismissal. The court therefore grants the defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 82.) is granted.

This case is closed. The clerk of the court is directed to enter judgment in favor of defendant and against plaintiff.

Dated July 29, 2019, at Kansas City, Kansas.

    s/ Carlos Murguia
    **CARLOS MURGUIA**
    **United States District Judge**